HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR16-5207RBL |
| Plaintiff, | ORDER |
| v. | |
| CINDI ALLISON, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1). [Dkt. #127]. The Court has reviewed the materials for and against the motion. The Court read, with great interest, the opinion of my colleague, Judge James L. Robart, who decided a remarkably similar case; *USA v. Derico Fuller*, Cause No. CR17-0324JLR. Fuller is represented by the same lawyer as Allison. Fuller and Allison both emailed their petitions for compassionate release to BOP on April 3, 2020 and filed their motions to the Court three days later. Judge Robart's analysis of the procedural problem presented is compelling, and in the interest of expediency and judicial economy, this Court adopts Judge Robart's analysis in full.

## I. BACKGROUND

On June 30, 2017, after four days of evidence, a jury convicted Allison of six counts of wire fraud for a scheme involving $478,398.04 in stolen funds. After the jury returned the verdict, this Court remanded Allison to custody and on March 2, 2018, sentenced her to serve a 71-month prison term.

Since her sentencing, Allison has appealed her conviction. The Ninth Circuit affirmed the conviction in a memorandum opinion. *See United States v. Allison*, 765 F. App'x 252 (9th Cir. 2019). Allison has also sought review under § 2255, which this Court denied.

Allison is now 50 years of age and housed at the Carswell Federal Medical Center (Carswell FMC). She has a release date of July 14, 2022. On April 3, 2020, Defendant's counsel apparently emailed the warden to request immediate compassionate release on her behalf. The present motion was filed three days later. *See* Dkt. 127, 128. Allison now asks this Court to reduce her sentence to time served so that she can be released based principally on the current coronavirus disease 2019 (COVID-19) pandemic.

## II. ANALYSIS

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (quoting 18 U.S.C. § 3582(b)). One such circumstance is a motion for compassionate relief under 18 U.S.C. § 3582(c)(1). Under that statute, and court may consider a motion to modify a term of imprisonment in one of three circumstances: (1) "upon motion of the Director of the Bureau of Prisons"; (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf; or (3) after "the lapse of 30 days from

the receipt of such a request [for a motion from the BOP on the defendant's behalf] by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The court denies Allison's motion for compassionate relief based on her failure to comply with the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A). Because Allison filed this motion on her own behalf, the court may consider this motion only if Allison has "fully exhausted all administrative rights to appeal," or if 30 days have lapsed since the BOP has received a request for compassionate release from her. Allison emailed a petition for compassionate release to BOP on April 3, 2020, and filed this motion three days later—before BOP even had an opportunity to respond to her request. Allison has not exhausted her administrative remedies or waited for a response from BOP for 30 days as required by § 3852(c)(1)(A). Indeed, Allison concedes that she has not complied with the statutory requirements for filing this action.

Allison argues that her "failure to exhaust administrative remedies should be excused" due to the urgency created by COVID-19. (*See* id.) But Allison fails to cite any binding Ninth Circuit or Supreme Court caselaw indicating that the court has authority to create judicial exceptions to the exhaustion requirement in § 582(c)(1)(A)(i). (*See id.*) To the contrary, this court and other district courts in the Ninth Circuit who have considered this exact issue—whether district courts may create an exception to § 3582(c)(1)(A)(i)'s 30-day exhaustion requirement on the basis of the COVID-19 pandemic—have nearly unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19.[1] *See, e.g.*, *United States v. Holden*, No. 3:13-CR-

---

[1] Allison does identify one in-circuit case in which the court considered a motion for compassionate release despite the defendant's failure to strictly comply with 18 U.S.C. § 3582(c)(1)(A)'s 30-day waiting period. *See United States v. Gonzalez*, No. 2:18-CR-0232-TOR-

00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020) ("[T]he Court concludes it may only exercise that authority within the strictures of the statute that grants it, and, as noted, [18 U.S.C. § 3582(c)(1)(A)] does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the [First Step Act] have been met."); *United States v. Young*, No. CR14-5242RJB, 2020 WL 1673043, at *2 (W.D. Wash. Apr. 6, 2020) (concluding that defendant was not entitled to compassionate release where defendant "did not exhaust his administrative remedies"); *United States v. Schuett*, No. 214CR00364JADGWF, 2020 WL 1677080, at *1 n.7 (D. Nev. Apr. 6, 2020) ("Although the COVID-19 crisis may be a consideration for compassionate release, particularly in light of Schuett's documented medical challenges, he has not demonstrated that he has exhausted his administrative rights for such a release with the BOP."); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("The Court's hands are bound by the statute. . . . [A]bsent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief Defendant seeks.") *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *2 (S.D. Cal. Mar. 27, 2020) (denying motion for compassionate release based on failure to exhaust administrative remedies and noting that "issues such as Garza's medical condition, the conditions and resources at Terminal Island (including the availability of testing and treatment), and decisions as to which prisoners should be released because of the COVID-19 epidemic are better left to [BOP] and its institutional expertise"); *United States v. Eberhart*, No.

---

15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020). In that case, however, the court found that the defendant had "effectively exhausted her administrative remedies" because she had petitioned the BOP and been directly informed by BOP that "she does not have any other administrative path or remedies she can pursue." *See id.* In this case, in contrast, Allison filed her motion for release without receiving any response from BOP to her petition for compassionate release, which was emailed to the BOP only one business day before she filed this motion. Thus, *Gonzalez* does not apply.

ORDER - 4

13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i).").

The Court sees no reason to break step with these decisions. § 3582(c)(1)(A) is plain. It permits a court to modify a term of imprisonment only in one of the three circumstances. *See* 18 U.S.C. § 3582(c)(1)(A). Because Allison has filed this motion on her own behalf without first exhausting her administrative remedies or providing BOP with 30 days to respond to her request, the Court lacks authority to consider her motion for compassionate release. Accordingly, Allison's motion is **DENIED** without prejudice to re-file once she complies with § 3582(c)(1)(A)'s exhaustion requirements.

Although the Court does not reach the merits of Allison's request, it cautions her that it considers motions for release from imprisonment due to the COVID-19 pandemic to be highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Thus, requests for release that are based on vague, generalized, or unsupported allegations are unlikely to receive favorable consideration.

### III. CONCLUSION

Allison's motion for compassionate release [Dkt. #127] is **DENIED** without prejudice to re-file upon satisfaction of the 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirements.

IT IS SO ORDERED.

Dated this 17th day of April, 2020.

Ronald B. Leighton
United States District Judge